■ In the Matter of JOSEPH R. ERAZO, Respondent, v KENNETH LIPPER, Respondent-Appellant, and BOARD OF ELECTIONS IN THE CITY OF NEW YORK, Respondent. In the Matter of ANGELO DEL TORO, Respondent, v KENNETH LIPPER, Respondent-Appellant, and BOARD OF ELECTIONS IN THE CITY OF NEW YORK, Respondent.—Judgment, Supreme Court, New York County (Blyn, J.), entered August 20, 1985, rejecting a referee's recommendation, and invalidating a petition to place the name of Kenneth Lipper on the ballot as candidate for President of the City Council, unanimously reversed, on the law, without costs or disbursements, and the Board of Elections is directed to place the name of Kenneth Lipper on the ballot. (*See, Matter of Franco v Velez,* 112 AD2d 875.)

Kenneth Lipper filed a petition designating him as Democratic candidate for President of the City Council of the City of New York. The petition contained 54,330 signatures within its 32 volumes. The cover sheets stated that the petition contained 54,309 signatures. The cover sheets of the petition, for a nomination requiring 10,000 signatures, *understated* the 54,330 signatures contained therein by 21. It is difficult to conceive of a situation where such an understatement of signatures could result in, or be the product of, fraud. It would appear that judicial interpretations of the New York State Election Law have created a maze, whose corridors are compounded by hurdles, to be negotiated by only the wariest of candidates. The result is the disenfranchisement of tens of thousands of citizens who would support candidates not possessed of the resources to engage the assistance required to negotiate the maze. At a time when enlargement of the

franchise has finally become the stated public policy, the result is intolerable. Concur—Carro, J. P., Bloom, Fein and Rosenberger, JJ.